UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIRGIL PARAMI ANINION,<br><br>Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Commissioner of Social Security,<br><br>Defendant. | CASE NUMBER: 1:24-cv-00243-GSA<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY APPLICATION TO PROCEED IN FORMA PAUPERIS AND TO REQUIRE FILING FEE PAYMENT, AND DIRECTING CLERK TO RANDOMLY ASSIGN A UNITED STATES DISTRICT JUDGE**<br><br>**(Doc. 2)** |

Plaintiff moves to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Docs. 1–2.

**I.     Legal Standard**

In order to proceed without prepayment of the filing fee, a Plaintiff must submit an affidavit demonstrating that s/he "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1).  "To proceed in forma pauperis is a privilege not a right."  *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965).  In enacting the in forma pauperis statute, "Congress intended to guarantee that no citizen shall be denied an opportunity to commence, prosecute, or defend an action, civil or criminal, in any court of the United States, solely because . . . poverty makes it impossible . . . to pay or secure the costs of litigation."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (internal quotations and citations omitted).

The determination whether a party may proceed in forma pauperis is a "matter within the discretion of the trial court . . ."  *Weller v. Dickinson*, 314 F.2d 598, 600 (9th Cir. 1963).  To

proceed in forma pauperis a plaintiff need not demonstrate that he is completely destitute, but his poverty must prevent him from paying the filing fee and providing himself and his dependents (if any) with the necessities of life. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

Although there is no bright line rule, courts look to the federal poverty guidelines developed each year by the Department of Health and Human Services. *See, e.g., Lint v. City of Boise*, No. CV09-72-S-EJL, 2009 WL 1149442, at *2 (D. Idaho Apr. 28, 2009) (and cases cited therein).

## II.    Findings

Plaintiff's application reflects a three-person household (one spouse and one dependent child) with income totaling $7,244 per month ($86,928 per year), which is substantially in excess (about 350%) of the federal poverty guidelines for a household of three ($24,860).[1]  This suggests the ability to pay the $405 filing fee without sacrificing the necessities of daily life.

## III.    Recommendation

Accordingly, it is RECOMMENDED that Plaintiff's application to proceed in forma pauperis be denied (Doc. 2).

The Clerk of Court is DIRECTED to randomly assign this case to a United States District Judge for resolution of these findings and recommendations pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).

Within fourteen (14) days from the filing of these findings and recommendations, Plaintiff may file written objections with the court. L.R. 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838–39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

---

[1] *See* https://aspe.hhs.gov/topics/poverty-economic-mobility/poverty-guidelines

IT IS SO ORDERED.

Dated: **February 29, 2024**          **/s/ Gary S. Austin**
UNITED STATES MAGISTRATE JUDGE